In the

# United States Court of Appeals

## For the Seventh Circuit

No. 03-1023

CURTIS L. DALE,

*Plaintiff-Appellant,*

*v.*

HARLEY G. LAPPIN, et al.,

*Defendants-Appellees.*

Appeal from the United States District Court
for the Southern District of Indiana, Indianapolis Division
No. IP 02-143-C-B/S—**Sarah Evans Barker**, *Judge.*

ARGUED MAY 20, 2004—DECIDED JULY 15, 2004

Before COFFEY, ROVNER, and EVANS, *Circuit Judges.*

PER CURIAM. Federal inmate Curtis Dale filed suit under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), alleging that the warden and several other Bureau of Prisons employees at the penitentiary in Terre Haute, Indiana, violated his Eighth Amendment right to be free from cruel and unusual punishment when they failed to protect him from an attack by fellow inmates. The district court screened the complaint under 28 U.S.C. § 1915A, dismissed the warden, and later granted summary judgment for the remaining defendants on the ground that Dale had failed to exhaust

his administrative remedies. Because the defendants did not meet their burden of establishing the absence of disputed issues of material fact concerning this question, we vacate the judgment and remand to the district court for further proceedings.

In his complaint Dale alleges that the warden and two others at Terre Haute knew he had been threatened with physical attack but failed to protect him from other inmates who stabbed him seven times in the prison yard. Dale was attacked on September 22, 2000, and 19 days later prison administrators initiated the process of transferring him to the Federal Transfer Center in Oklahoma City, where he stayed for seven days before being transferred again. The record is silent as to the severity of his wounds or the amount of time he was hospitalized at Terre Haute before his transfer.

Initially, the district court screened the complaint under § 1915A and ordered Dale to supplement his complaint because he had not pleaded exhaustion. Dale responded that "he attempted to utilize the administrative remedey [sic] process at UNITED STATES PENITENTIARY TERRE HAUTE" and at the penitentiary in Lompoc, California, where he was then housed. Dale attached documents showing that he requested grievance forms at Lompoc in March 2002 but had been told that the 20-day time limit for submitting a grievance had passed and thus his only recourse was to file a claim under the Federal Tort Claims Act. The district court was not satisfied with this response, so it *sua sponte* dismissed Dale's complaint, reasoning that he had not shown that he exhausted his administrative remedies. Dale moved for reconsideration, explaining that any failure to exhaust was due to the defendants' refusal to provide him with the BP-8 form that he believed was necessary to prepare a grievance. The district court granted the motion for reconsideration and vacated its earlier order.

The district court then dismissed the warden because Dale had not pleaded his personal involvement in failing to prevent the stabbing. Dale responded by moving to amend his complaint to add two more defendants and to reinstate the warden as a defendant. The district court allowed Dale to add the new defendants but took his request to reinstate the warden under advisement and ordered Dale to "supplement his assertion" within 10 days to show that the warden had personal knowledge that Dale was in danger. Dale never complied. Meanwhile, the four remaining defendants moved for summary judgment, arguing that Dale had failed to exhaust his administrative remedies because he never filed a grievance. The district court agreed.

Although Dale is the appellant, his first argument is that we lack jurisdiction over this appeal because, he says, the district court never entered a final judgment as to the warden. The district court's grant of summary judgment applied only to the four defendants who still remained in the case; the warden had been dismissed early in the litigation. Dale, though, seems to believe that the case is still active as to the warden.

A final, appealable decision is one that disposes of all claims against all parties, with the exception (not applicable here) where the district court complies with the requirements to enter a partial final judgment. *See* Fed. R. Civ. P. 54(b). A district court's decision is final under 28 U.S.C. § 1291 if the court "has finished with the case," *Hill v. Potter*, 352 F.3d 1142, 1144 (7th Cir. 2003), and "finished" is the only way to describe this litigation as it currently stands in the district court. Dale sought to reinstate the warden as a defendant, but the district court never granted the motion. Rather, the court took Dale's request "under advisement" and instructed him to file a supplemental pleading explaining how the warden was personally responsible for his injuries. Dale did not comply, so he effectively abandoned his claim against the warden by

never mentioning him again. *See, e.g., Heft v. Moore*, 351 F.3d 278, 281-82 (7th Cir. 2003); *Laborers' Pension Fund v. A & C Envtl., Inc.*, 301 F.3d 768, 774 n.4 (7th Cir. 2002); *Baltimore Orioles, Inc. v. Major League Baseball Players Ass'n*, 805 F.2d 663, 667 (7th Cir. 1986). The district court's early dismissal of the warden was never vacated, and the court's later summary judgment order resolved the case as to the four remaining defendants. When the court entered its judgment dismissing the complaint, all parties and all claims had indeed been disposed of. Thus Dale's jurisdictional argument fails.

On the merits, Dale argues that the district court erred in granting summary judgment for the defendants because his pleadings and affidavits show that he requested the administrative grievance form within the 20-day time limit. Dale contends that Bureau of Prisons employees "fail[ed] to provide the necessary forms to file for administrative remedies timely as prescribed by BOP policy." Thus, Dale believes that he provided sufficient evidence to show that prison officials "made administrative remedies so unavailable as to deprive Dale of his rightful access to the grievance process."

Although exhaustion of administrative remedies is a precondition to a federal prisoner filing a *Bivens* suit, 42 U.S.C. § 1997e(a); *Massey v. Helman* (*Massey II*), 259 F.3d 641, 645-46 (7th Cir. 2001), failure to exhaust is an affirmative defense that the defendants have the burden of pleading and proving, *Walker v. Thompson*, 288 F.3d 1005, 1009 (7th Cir. 2002); *Massey v. Helman* (*Massey I*), 196 F.3d 727, 735 (7th Cir. 1999). In order to properly exhaust, a prisoner must submit inmate complaints and appeals "in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002); *see Riccardo v. Rausch*, No. 02-1961, 2004 WL 1545241, at *1 (7th Cir. July 12, 2004). The Bureau of Prisons regulations require that an inmate submit an

administrative complaint on the appropriate form within 20 days of the underlying event. 28 C.F.R. § 542.14(a); *see McCoy v. Gilbert*, 270 F.3d 503, 510 (7th Cir. 2001); *Smith v. Zachary*, 255 F.3d 446, 448 (7th Cir. 2001).

In his response to the defendants' motion for summary judgment, Dale explains that he requested the proper grievance forms several times while at Terre Haute and once in Oklahoma City. While at Terre Haute, says Dale, he was told that the employees did not have grievance forms, so they gave him blank pieces of paper instead. Although the record indicates that Dale's transfer to Oklahoma City was initiated 19 days after he was stabbed, it is not clear when Dale arrived in Oklahoma City. Once he was at Oklahoma City, Dale continues, he again asked a guard for a grievance form, but this time the guard told him that grievance forms would have to be obtained from the unit team or else could be provided if the warden so directed. Dale states that he made this latter request on the last day to submit his grievance and so the response he got made it "virtually impossible to pursue a complaint." Dale made no further attempt to obtain the proper grievance forms until March 2002—18 months later—when he requested the forms while housed in Lompoc.

On appeal the defendants first argue that since Dale included all of his factual representations in his unsworn response to the motion for summary judgment rather than in an affidavit, there is no admissible evidence to support his version of events. However, Dale attached to his response to the defendants' motion for summary judgment an "Affidavit in Support" in which he swears to the truth of the factual allegations in that response, and those allegations, had they been included in the affidavit directly, without question would be considered evidence, not merely assertion. "By declaring under penalty of perjury that the [response] was true, . . . he converted the [response], or rather those factual assertions in the [response] that complied with the requirements for affidavits specified in

the rule . . . into an affidavit," *Ford v. Wilson*, 90 F.3d 245, 247 (7th Cir. 1996), thereby complying with Federal Rule of Civil Procedure 56(e). Therefore, Dale's verified response constitutes competent evidence to rebut the defendants' motion for summary judgment.

The district court did not address any of Dale's evidence directly, but merely described his allegations as "bald assertions," and stated that he failed to "cite specific concrete facts establishing the existence of the truth" of his complaint. But in his response Dale identifies the prison employees from whom he requested forms: his counselor, his case manager, the on-duty floor officer, and members of his unit team. Dale also identifies the specific form he requested, the BP-8, which is the first form the Bureau of Prisons requires inmates to complete in order to submit a grievance, *see* 28 C.F.R. § 542.13(a); *Massey II*, 259 F.3d at 643. Dale also avers that the on-duty officer gave him blank sheets of paper when he requested a grievance form, that he was told by his counselor and case manager that they did not have the proper grievance form, that he requested a form from his counselor and was told that forms had to be issued by the unit team, and that he notified the members of his unit team several times that he had been denied grievance forms, but got no response. This level of detail cannot be dismissed as "bald assertion."

Because Dale provided sufficiently specific facts to support his allegation that he requested the correct grievance form at Terre Haute, the question becomes whether the defendants' refusal to comply with his request means that Dale had no available administrative remedies. At oral argument, the defendants asserted, for the first time, that inmates are not required to use the forms to submit a grievance, but they provided no support for their assertion. The Bureau of Prisons' regulations plainly state that a grievance should be submitted "on the appropriate form," 28 C.F.R. § 542.14(a), and the defendants have not pointed to any regulation that would allow an inmate to submit a

grievance without the Bureau of Prisons' forms. If prison employees refuse to provide inmates with those forms when requested, it is difficult to understand how the inmate has any available remedies. Just as prison employees cannot exploit the exhaustion requirement by not responding to grievances, *see Lewis v. Washington*, 300 F.3d 829, 833 (7th Cir. 2002), they should not be rewarded for preventing an inmate access to an administrative remedy, *see Mitchell v. Horn*, 318 F.3d 523, 529 (3d Cir. 2003) (holding that district court erred in failing to consider prisoner's claim that he was unable to submit a grievance, and therefore lacked available administrative remedies, because prison employees refused to provide him with the necessary forms); *Miller v. Norris*, 247 F.3d 736, 740 (8th Cir. 2001) ("[A] remedy that prison officials prevent a prisoner from 'utiliz[ing]' is not an 'available' remedy under § 1997e(a)." (alteration in original)). The defendants in this case have yet to give any reason why Dale was refused the forms he requested, or to explain how he could use the administrative grievance system without the forms mandated for that purpose.

Failure to exhaust is an affirmative defense, and the defendants did not meet their burden of proving that Dale had available remedies that he did not utilize. *See Walker*, 288 F.3d at 1009; *Massey I*, 196 F.3d at 735. Accordingly, we VACATE the grant of summary judgment and REMAND the case to the district court for further proceedings.

A true Copy:

Teste:

_____
*Clerk of the United States Court of
Appeals for the Seventh Circuit*