**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted April 14, 2005
Decided June 9, 2005

**Before**

Hon. KENNETH F. RIPPLE, *Circuit Judge*

Hon. MICHAEL S. KANNE, *Circuit Judge*

Hon. DIANE P. WOOD, *Circuit Judge*

No. 04-4288

| | |
|---|---|
| NATHANIEL ALLEN LINDELL, <br> *Plaintiff-Appellant,* <br><br> v. <br><br> CINDY O'DONNELL, Security Chief, <br> JOHN RAY, PETER HUIBREGTSE, *et al.,* <br> *Defendants-Appellees.* | Appeal from the United States District Court for the Western District of Wisconsin <br><br> No. 02-C-21-C <br><br> Barbara B. Crabb, *Chief Judge.* |

**O R D E R**

In this successive appeal, Nathaniel Lindell, an inmate at the Wisconsin Secure Program Facility (WSPF), again is before us seeking redress for alleged violations of his constitutional rights. In 2002, Lindell sued the defendant employees of WSPF alleging in part that they violated his First Amendment rights. They did so, he claimed, by confiscating postcards from his cell and enforcing the WSPF's "publisher's only" rule, under which inmates were permitted to receive published materials only from the publisher or a commercial source, so strictly that Lindell could not receive clippings or photocopies of published articles. The district court dismissed the claim relating to the confiscation of his postcards after screening his complaint under 28 U.S.C. § 1915A. Lindell succeeded in persuading the court to enter an injunction modifying the "publisher's only" rule. On appeal, we concluded that the court's dismissal of the First

Amendment claim at the screening stage was premature, and we remanded this part of the case for further proceedings. *Lindell v. Frank*, 377 F.3d 655, 657 (7th Cir. 2004). In response to the state's appeal, we found that the injunction was too broad and instructed the court to modify it to conform with the relevant portion of the Prison Litigation Reform Act (PLRA), 18 U.S.C. § 3626(a)(1)(A). *Id.* at 660-61.

On remand, the district court again dismissed Lindell's First Amendment claim, this time because he failed to exhaust his administrative remedies. It redrafted the injunction in response to the instructions in our opinion. Lindell appealed again, arguing that the district court erred in dismissing his claim and violated his constitutional rights in the way that it modified the injunction. We conclude that the district court properly disposed of the case, and we thus affirm the court's judgment.

# I

The PLRA requires that "no action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in a jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). To exhaust the available administrative remedies, the prisoner must take all steps required by the institution's grievance system, in the way prescribed by the institution. *Pozo v. McCaughtry*, 286 F.3d 1022, 1023 (7th Cir. 2002), *Strong v. David*, 297 F.3d 646, 649-50 (7th Cir. 2002). But see *Ngo v. Woodford*, No. 03-16042, 2005 U.S. App. LEXIS 4809, *29 (9th Cir. Mar. 24, 2005) (holding that the plaintiff exhausted all his available remedies because his administrative appeal was time barred and "no further level of appeal remained in the state prison's internal appeals process"). In this case, Lindell was required to comply with all pertinent requirements imposed by Wisconsin's grievance procedure. If he did not, then he has not satisfied the PLRA's exhaustion requirement.

The relevant procedures in this case are those that the Wisconsin Department of Correction had in effect in 2001. See Wis. Admin. Code §§ DOC 310.01-310.19 (2001). Under its Complaint Procedures, an inmate is required to file his complaint with the prison's institution complaint examiner (ICE) "within 14 calendar days after the occurrence giving rise to the complaint," unless the ICE accepts a late complaint for good cause. § DOC 310.09(3). The ICE is required to send an acknowledgment of receipt of the complaint to the inmate within five working days after receiving the complaint. § DOC 310.11(2). "[W]ithin 15 working days from the date of acknowledgment," the ICE is required to review and investigate the complaint and send a report and recommendation to the appropriate reviewing authority. § DOC 310.11(11). Thus, 20 working days after an inmate has filed a complaint, the ICE must have filed its report and recommendation to the appropriate reviewing authority. The appropriate reviewing authority must make its decision "within 5 working days following receipt of recommendation unless extended for cause and upon notice to all interested parties." § DOC 310.12.

Once the appropriate reviewing authority issues its decision, the complainant has 10 days to appeal the decision to the CCE. § DOC 310.13(1). The rules also anticipate the problem of nonreceipt of the decision: "[i]f the complainant does not receive the decision [of the appropriate reviewing authority] within 23 working days of the ICE's receipt of the complaint, the parties shall consider the complaint dismissed and the complainant may appeal immediately." § DOC 310.12(3) (amended in December 2002 to extend the time period for the appropriate reviewing authority to respond to 30 days). The CCE may review "an appeal filed later than 5 calendar days after the receipt of the decision if the elapsed time has not made it difficult or impossible to investigate the complaint." § DOC 310.13(3). The CCE then sends its written recommendation along with the complaint file to the secretary who is required to make a decision within 10 working days. § DOC 310.13(7) and 310.14(1).

In this case, Lindell timely filed an inmate complaint on July 7, 2001, alleging that his cell was searched and 15 postcards belonging to him were seized. He claimed that his free speech rights were violated and that "no legitimate penological reason" existed to forbid the possession of these items. Two days later, Ellen Ray, the ICE, acknowledged receipt of Lindell's complaint. On July 26, 2001, the ICE recommended to the appropriate reviewing authority that the complaint be dismissed. Peter Huibregtse reviewed the complaint, accepted the recommendation of the ICE, and dismissed Lindell's complaint on July 30, 2001. The decision advised Lindell that he had 10 days to appeal the decision to the CCE. It was at this point, the record reveals, that Lindell slipped. He did not file his appeal with the CCE until November 26, 2001. His failure to appeal in time, he claims, occurred because he did not receive Huibregtse's decision before November 26th. On Dec. 4, 2001, John Ray of the CCE acknowledged receipt of Lindell's appeal; six days later Ray recommended that the complaint be dismissed because it had not been filed within 10 days of the appropriate reviewing authority's decision. On December 13, 2001, Cindy O'Donnell, a representative for the Office of the Secretary, accepted the CCE's recommendation and dismissed Lindell's complaint as untimely.

None of these facts had been explored in any detail during the earlier phase of this case, because the district court had dismissed this part of Lindell's claim at the screening stage and thus the defendants had not responded at all. After our remand to the district court, the defendants filed a motion to dismiss alleging that Lindell failed to exhaust his administrative remedies in the manner we have just described. The district court granted the defendants' motion. It noted that Wis. Admin. Code DOC § 310.12(3) permitted Lindell to consider his complaint dismissed 23 days after he received the ICE's acknowledgment of receipt of his complaint. The court rejected Lindell's argument that he wanted to file "an informed appeal" and therefore he was entitled to wait for the appropriate reviewing authority's decision. That option does not appear in the rules. In addition, the court rejected his argument that his failure to file a timely appeal was excused because Wis. Admin. Code § DOC 310.13(3) gives the CCE

the discretionary power to accept late appeals that are filed 5 days after the receipt of the decision. The district court was correct. Lindell's argument about § DOC 310.13(3) implies that the prison authorities have a duty to exercise their discretion in a way favorable to late appeals, and that is not the law: they are entitled to insist that inmates follow reasonable rules.

We review a district court's grant of a motion to dismiss *de novo*. *Witzke v. Femal*, 376 F.3d 744, 749 (7th Cir. 2004). While a prisoner must exhaust all administrative remedies before bringing a civil rights suit, "failure to exhaust is an affirmative defense that the defendants have the burden of pleading and proving." *Dale v. Lappin*, 376 F.3d 652, 655 (7th Cir. 2004). Normally, the district court should not grant a motion to dismiss under Fed. R. Civ. P. 12(b)(6) based on an affirmative defense without allowing the non-moving party an opportunity to respond. In this case, however, we find that the court's decision to resolve this issue at the 12(b)(6) stage was harmless error, because it is clear that Lindell did not exhaust his remedies. See *Loeb Indus. v. Sumitomo Corp.*, 306 F.3d 469, 479 (7th Cir. 2002) (finding harmless error when the district court failed to convert a motion to dismiss into a motion for summary judgment when it relied on information outside the pleadings in reaching its decision). Given the structure of the DOC rules, there are no additional facts that would help us determine whether Lindell exhausted his remedies. A remand to convert this claim into a motion for summary judgment would therefore be pointless.

Lindell knew about the grievance procedures, and thus we must assume that he knew that he should have moved forward with his appeal to the CCE 23 days after he received the acknowledgment of receipt of complaint from the ICE. See § DOC 310.12(3) (2001). In concrete terms, this means that Lindell could have filed his appeal with the CCE on August 1, 2001. Requiring inmates and prison officials to follow grievance procedures serves the purposes of the Wisconsin legislature and the PLRA. Here, the DOC had procedures in place that were designed to prevent grievances from languishing for long periods of time, even if administrators from time to time failed to take prompt action or there was a glitch in the receipt of inmate mail. Because the district court did not err in finding that Lindell failed to exhaust his administrative remedies set forth in the Wis. Admin. Code, we affirm the decision of the district court dismissing Lindell's First Amendment claim.

## II

In our remand order, we instructed the district court to redraft its injunction to comply with the PLRA by limiting its scope to Lindell and allowing the prison authorities to place reasonable limits on the number of items Lindell could possess. In an order dated August 23, 2004, the district court responded with the following revised injunction:

Defendants are ENJOINED from enforcing their publisher's [*sic*] only rule

to the extent that it prohibits plaintiff Lindell from receiving a reasonable number of photocopies of clippings that are from published sources and in a reasonable format.

On September 1, 2004, Lindell moved to amend the injunction. The district court denied his motion, finding that his First Amendment rights were not infringed "by a rule limiting the volume of photocopies he received or by a rule requiring clippings to be photocopied." In addition, the court found that the redrafted injunction did not need to be modified to allow Lindell to receive photocopies of material from the Internet.

Lindell contends that he should have been able to provide the court with his view of how the injunction should be redrafted. In addition, he argues that the injunction fails adequately to define "published sources," "reasonable number," or "reasonable format." Finally, he contends that the injunction does not adequately protect his First Amendment rights because it does not allow him to possess the actual clippings.

We review a district court's grant of an injunction for abuse of discretion. *Dupuy v. Samuels*, 397 F.3d 493, 502 (7th Cir. 2005). In doing so, we review the district court's findings of fact for clear error and its conclusions of law *de novo. Id.* at 503. In our previous decision, we instructed the district court to modify the injunction to conform with the provision of the PLRA requiring that:

> [p]rospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs. The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the relief.

18 U.S.C. § 3626(a)(1)(A). In redrafting the injunction, the district court considered the relevant law and our instructions and limited the injunction appropriately. The revised injunction does not violate Lindell's due process rights, nor did the procedure the court used. Lindell had already had an opportunity to submit briefs presenting his position on the scope of the injunction to the district court. All that was required after our remand was for the court to limit the scope of the injunction as we instructed. The court's redrafted injunction properly addressed each of our concerns; nothing more is required.

## III

For these reasons, we AFFIRM the judgment of the district court in all respects.