**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted November 21, 2005[*]
Decided December 5, 2005

**Before**

Hon. KENNETH F. RIPPLE, *Circuit Judge*

Hon. DANIEL A. MANION, *Circuit Judge*

Hon. DIANE P. WOOD, *Circuit Judge*

No. 05-1965

| | |
|---|---|
| VICTOR L. EDMONDSON, | Appeal from the United States District Court for the Eastern District of Wisconsin. |
| *Plaintiff-Appellant,* | |
| *v.* | No. 03 C 972 |
| GARY R. McCAUGHTRY, Warden, STEVE SCHUELLER, Captain, PETER ROE, et al., | William C. Griesbach, *Judge.* |
| *Defendants-Appellees.* | |

**O R D E R**

Wisconsin inmate Victor Edmondson brought suit under 42 U.S.C. §§ 1983 and 1985, claiming that his prison warden, the Secretary of the Wisconsin Department of Corrections ("DOC") and some members of the prison staff violated his rights under the First, Eighth, and Fourteenth Amendments.  Mr. Edmondson

---

[*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary.  Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

alleged that the defendants segregated him in retaliation for his "legal activities," violated his due process rights when they kept him in segregation, discriminated against him with respect to "placement and programming" because of his race, and maintained his cell in conditions that violated his right to be free from cruel and unusual punishment. The district court granted summary judgment to the defendants on the ground that Mr. Edmondson had failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act ("PLRA"), *see* 42 U.S.C. § 1997e(a). The court also denied Mr. Edmondson's motion to reconsider the decision. We affirm.

Mr. Edmondson was placed in Administrative Confinement (segregation) shortly after his transfer to Waupun Correctional Institution. The staff believed, based on his record, that his "continual assaultive and disruptive behavior" posed a danger to other inmates and staff. During the time he was in segregation, Mr. Edmondson filed three formal complaints using the Inmate Complaint Review System. One alleged that his legal documents had been read and "mixed up" during a search for contraband; another protested the staff's refusal to permit him to have a typewriter (prison policy prohibited possession of a typewriter by any inmate in Administrative Confinement); and a third challenged his placement in segregation. This third complaint alleged that: (1) Mr. Edmondson's segregation was unjustified because he had committed no recent infractions of prison rules; (2) the review committee wrongly credited a conduct report that had been dismissed; and (3) the committee's failure to contact both the security director and the gang coordinator of the institution where he was previously incarcerated violated Mr. Edmondson's right to have witnesses in his defense. Mr. Edmondson claimed that these officials would have confirmed that he had changed his ways and that his old record no longer accurately predicted his future behavior. Mr. Edmondson did not appeal the denials of his first two complaints as required under Wisconsin's review procedures. *See* Wis. Admin. Code DOC §§ 310.07-310.14. He appealed the denial of the third, but that appeal was dismissed as untimely, and he did not challenge the ruling. Instead, a few months later, he filed this case in the district court.

At summary judgment, Mr. Edmondson argued that, contrary to the defendants' assertions, he had exhausted the third complaint because the dismissal was signed by someone in the office of the DOC Secretary, who has the final word in administrative appeals. *See* Wis. Admin. Code DOC § 310.14. Mr. Edmondson therefore maintained that he had pursued every recourse. The district court held, however, that his failure to make a timely filing amounted to a failure to complete the administrative process and thus a failure to exhaust. In his motion for reconsideration, Mr. Edmondson argued that the district court had "overlooked" his attempts to resolve his complaints through an "informal channel" and added that he believed pursuing further appeals using the formal complaint procedures would have been futile. The district court denied his motion after concluding that the cases he cited did not support his arguments.

Before us, Mr. Edmondson does not press the arguments he raised earlier. Rather, he proposes that his failure to exhaust should not be held against him because prison officials prevented him from timely appealing the denial of his third complaint. He contends that a prison officer supplied him with the wrong form for filing his appeal, which caused it to be rejected, and that the warden "held" the defective grievance for 15 days until the limitations period on his appeal had expired.

If Mr. Edmondson had been able to show that the appeal process was frustrated by prison administrators, further remedies would be "unavailable" within the meaning of § 1997e(a), and he would not be required to exhaust. *Dale v. Lappin*, 376 F.3d 652, 656 (7th Cir. 2004). However, he never raised this argument in the district court, and it is therefore waived. *See Smith v. Zachary,* 255 F.3d 446, 452 (7th Cir. 2001); *Massey v. Helman*, 196 F.3d 727, 735 n.4 (7th Cir. 2000).

Moreover, even if we accepted his claim that he was blameless for the tardiness of his administrative appeal, there still would be a barrier to his suit. As the defendants point out, the complaint procedures prescribe a remedy for the plaintiff whose submission is untimely through no fault of his own, *see* Wis. Admin. Code DOC § 310.13(2), and Mr. Edmondson failed to pursue that relief. Because the purpose of the exhaustion rule is to allow prison officials the opportunity to address minor procedural problems in the first instance, we have held that a prisoner fails to exhaust his remedies if he does not take advantage of a procedure for reconsidering untimely filings. *Cannon v. Washington*, 418 F.3d 714, 718-19 (7th Cir. 2005) (per curiam). Mr. Edmondson gives no reason for not raising the claim that he raises here before the DOC, other than his belief that any further appeal would be "fruitless." It is well-established, however, that futility is no excuse for failing to exhaust. *Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001); *Thornton v. Snyder*, 2005 WL 2577714, at *2 (7th Cir. Nov. 3, 2005).

We also note, for the sake of completeness, that the district court did not err in rejecting Mr. Edmondson's earlier arguments. His contention at summary judgment that he had exhausted the third complaint by filing a belated appeal with the DOC Secretary is meritless because a grievance "rejected solely on the basis of untimeliness" does not satisfy the PLRA's exhaustion requirement. *Conyers v. Abitz*, 416 F.3d 580, 584 (7th Cir. 2005). *See also Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). In order to exhaust, a prisoner "must take *all steps* prescribed by the prison's grievance system." *Ford v. Johnson*, 362 F.3d 395, 397 (7th Cir. 2001) (emphasis added). Furthermore, Mr. Edmondson's argument that the DOC's complaint procedures permit a plaintiff to substitute "informal" for formal exhaustion procedures is simply incorrect. The rule that he cites as his authority, Wis. Admin. Code DOC § 310.09(4), makes no such suggestion. Rather, it provides that "[p]rior to accepting the complaint, the ICE [Inmate Complaint Examiner] may direct the inmate to attempt to resolve the issue." *Id.* This

provision does not purport to create any right for the inmate but establishes that informal procedures may be used at the discretion of the ICE, and it implies that any such choice will be made before the complaint reaches the appellate level.

AFFIRMED