**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued April 22, 2009
Decided July 7, 2009

**Before**

DANIEL A. MANION, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 08-3349

| | |
|---|---|
| RONALD T. SCHAEFER,<br>　　*Plaintiff-Appellant*,<br><br>　　*v.*<br><br>MARK A. BEZY, Warden, et al.,<br>　　*Defendants-Appellees*. | Appeal from the United States District<br>Court for the Southern District of Indiana,<br>Terre Haute Division.<br><br>No. 05 CV 240<br><br>Larry J. McKinney,<br>*Judge*. |

**ORDER**

Ronald Schaefer, a former inmate at the Terre Haute Federal Correctional Complex, sued the prison warden and doctor under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), for denying him medical care in violation of the Eighth Amendment. He now appeals the district court's decision to grant the defendants summary judgment based on his failure to exhaust administrative remedies. Schaefer contends that his failure should be

excused because he followed the advice of his case counselor who, he asserts, told him to use only informal grievances and refused to give him the proper form to file a formal grievance. The case counselor denied in an affidavit that he ever had such a conversation—or could have had—because at that time he had already been transferred to a different part of the prison. We vacate and remand.

## I. Background

Schaefer entered the prison in May 2005 at age 72 to complete his 37-month sentence, which he had served in three segments after he was released twice pending resentencing after successful appeals. *See United States v. Schaefer*, 384 F.3d 326, 338 (7th Cir. 2004); *United States v. Schaefer*, 291 F.3d 932, 935 (7th Cir. 2002). Before entering the prison he was being treated for osteoarthritis of his right hip and weakness in his legs, and his doctor warned that without continued physical therapy he would likely need a total hip replacement. Schaefer was assigned to the Terre Haute Federal Prison Camp, the minimum-security facility located within the Federal Correctional Complex.

Beginning on or about June 3, 2005, during the first three months at the prison camp, Schaefer requested medical care four times using a form called "Inmate Request to Staff," an informal procedure to address inmate grievances. In all of the requests, Schaefer asked the prison doctor, Dr. Webster, and the prison warden, Mark Bezy, for orthopedic and other medical care. When those requests yielded no results, Schaefer filed a federal lawsuit in September 2005 against Bezy and the Federal Bureau of Prisons, asking for "emergency judicial intervention" to either transfer him to a facility that provides orthopedic care or place him on home confinement. But the lawsuit did not provide Schaefer the emergency relief he was seeking because nothing happened before he left the prison camp in January 2006. At that point, Schaefer, then living in a halfway house in Indianapolis, amended his complaint to ask for damages, rather than injunctive relief. After his release from the halfway house, he secured the services of an attorney and amended the complaint to add Dr. Webster as a defendant. At screening, the district court dismissed the claim against the Bureau of Prisons. *See* 28 U.S.C. § 1915A.

Before answering, the defendants moved to dismiss the complaint or, in the alternative, for summary judgment, contending that Schaefer had failed to exhaust his administrative remedies. Schaefer admitted that he did not complete the prison's Administrative Remedy Procedure, which would have required him to file a formal grievance after his unsuccessful informal requests, and then complete up to two levels of appeals. *See* 28 C.F.R. § 542.13-.15. But Schaefer argued that his failure to formally exhaust his remedies should be excused because he had exhausted the remedies that were "available" to him. He contended in an affidavit that he contacted his assigned case

counselor, Kraemer, about his medical needs on June 3, 2005, right after he had been processed into the prison camp, and Kraemer told him to use an informal request rather than the Administrative Remedy Procedure because the formal system would take too long. Schaefer said that Kraemer refused to give him the necessary form to begin the formal review process, and thus he followed the only remedy that was available to him.

The defendants replied to Schaeffer's assertions with an affidavit from Kraemer denying that he had any contact at that time with Schaefer. Kraemer stated that he was not working at the prison camp in June 2005; in March 2005 he had been transferred to the maximum-security penitentiary at the Terre Haute Federal Correctional Complex. Kraemer said that he had been Schaefer's counselor in the past, but after his transfer in March he no longer had contact with inmates at the prison camp, and thus could not have been in a position to deny Schaefer any forms.

The district court granted summary judgment for the defendants. The court agreed with the defendants that Schaefer failed to create a genuine issue of material fact concerning the availability of administrative remedies because Kraemer was not Schaefer's case counselor and he was not physically present at the prison camp in June 2005. The court found that after Kraemer was transferred to the maximum-security prison, he had no contact with prison-camp inmates. Thus, the court concluded, "no reasonable juror could believe that Kraemer told Schaefer not to use the BOP's mandatory administrative remedy procedure, or that Kraemer told Schaefer that a 'cop out' was an adequate substitute for the administrative remedy procedure."

## II. Analysis

On appeal Schaefer argues that the district court erred in granting summary judgment for the defendants because, he contends, there is a genuine issue of material fact about exhaustion—namely, whether the formal prison remedies were available to him. This issue is disputed, he says, by two affidavits: he asserts himself that Kraemer refused to give him a BP-9 form and told him not to use the formal procedure; Kraemer has submitted an affidavit of his own, asserting that he did not and could not have done that because he had no contact with prison-camp inmates at the time and after Schaefer claims he first requested the forms.

Although a prisoner must properly exhaust the administrative remedies within the prison before suing over prison conditions, *see* 42 U.S.C. § 1997e(a); *Woodford v. Ngo*, 548 U.S. 81, 83-84 (2006); *Pozo v. McCaughtry*, 286 F.3d 1022, 1024-25 (7th Cir. 2002), he need exhaust only the remedies "available" to him. A prison employee who prevents access to a remedy can render that remedy unavailable; in such circumstances, a failure to exhaust

would not bar filing suit. *See Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008); *Dale v. Lappin*, 376 F.3d 652, 656 (7th Cir. 2004) (prison officials allegedly refused to give prisoner necessary forms); *Brown v. Croak*, 312 F.3d 109, 113 (3d Cir. 2002) (untimely grievance would be excused if prison official told prisoner to wait before filing it). But if the prisoner himself were at fault for not exhausting, then the case would be over. *See Pavey*, 544 F.3d at 742. The prison employees bear the burden of establishing that administrative remedies were available to the prisoner. *See Kaba v. Stepp*, 458 F.3d 678, 686 (7th Cir. 2006).

This court reviews a grant of summary judgment de novo and views the record in the light most favorable to Schaefer, the nonmoving party. *Hayes v. Snyder*, 546 F.3d 516, 522 (7th Cir. 2008). Summary judgment is appropriate if the evidence shows that "there is no genuine issue of any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); *see Greeno v. Daley*, 414 F.3d 645, 652 (7th Cir. 2005). Because the prison employees bear the burden on exhaustion, they must do more than point to a lack of evidence in the record; rather they must "establish affirmatively" that the evidence is so one-sided that no reasonable factfinder could find that Schaefer was prevented from exhausting his administrative remedies. *Reserve Supply Corp. v. Owens-Corning Fiberglas Corp.*, 971 F.2d 37, 42 (7th Cir. 1992); *see Branham v. Snow*, 392 F.3d 896, 906-07 (7th Cir. 2004).

Summary judgment may not be used to resolve a swearing contest between litigants. *See Chelios v. Heavener*, 520 F.3d 678, 688 (7th Cir. 2008); *Payne v. Pauley*, 337 F.3d 767, 770-71 (7th Cir. 2003). The prison employees did not introduce other evidence of Kraemer's transfer—such as Kraemer's time card or official work schedule for the dates in question—and so Schaefer's version of events is essentially pitted against Kraemer's. And because Schaefer had personal knowledge of the alleged conversation, his affidavit is sufficient to create a factual dispute that Kraemer was there. *See Holmes v. Village of Hoffman Estate*, 511 F.3d 673, 680 (7th Cir. 2007). Based on this conflicting record, on remand the court will need to hold an evidentiary hearing as contemplated in *Pavey*, 544 F.3d at 742, to resolve the question of exhaustion.

Accordingly, we **VACATE** and **REMAND**.