**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted January 21, 2010[*]
Decided January 29, 2010

**Before**

JOHN L. COFFEY, *Circuit Judge*

JOEL M. FLAUM, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

No. 09-1980

| | |
|---|---|
| ROY AUSTIN SMITH, *Plaintiff-Appellant*, | Appeal from the United States District Court for the Northern District of Indiana, South Bend Division. |
| *v.* | No. 3:07-CV-207 PPS |
| DAWN BUSS, et al. *Defendants-Appellees*. | Philip P. Simon, *Judge*. |

**O R D E R**

Roy Austin Smith, an inmate in the custody of the Indiana Department of Correction ("IDOC"), claims in this suit under 42 U.S.C. § 1983 that he was subjected to cruel and unusual punishment in violation of the Eighth Amendment. The district court granted summary judgment for the defendants, reasoning that Smith had failed to exhaust his

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2).

administrative remedies. *See* 42 U.S.C. § 1997e(a). Smith appeals. We vacate the judgment and remand for further proceedings.

Smith's complaint alleges that in 2004 the defendants—the acting superintendent and two guards at the Wabash Valley Correctional Facility—falsely labeled him a "snitch" in documents that were distributed to other inmates, leading another prisoner to attack and seriously injure him on November 25, 2005. Smith claims that the defendants were deliberately indifferent to his safety and security. If Smith's allegations are true, the defendants could be liable under § 1983.

The defendants dispute Smith's version of events, but this appeal concerns only their motion for summary judgment, in which they narrowly contended that Smith had not exhausted all available administrative remedies before filing his § 1983 suit, as required by § 1997e(a). The defendants presented evidence—in the form of a declaration from the secretary to an executive assistant at the prison—that a grievance procedure was in effect when Smith was allegedly attacked; that Smith's claims were grievable; that her search of prison records had uncovered two grievances filed six months and more than a year after the alleged attack, far outside the time limit of 20 working days set forth in the manual of grievance policies and procedures; that the time limit was enforced because Smith had not shown good cause for waiting so long to file his grievances; and that she had found no record of any other properly filed grievance from Smith about the attack. Smith countered the secretary's declaration with his own declaration and two more from other inmates, but the district court reasoned that his submission was not enough to demonstrate a disputed issue of material fact. In the court's view, Smith's evidence did not establish that he filed a timely grievance or that he had a valid reason for that omission; the court's decision implies that Smith's unwillingness to follow instructions was the root of his difficulty with the exhaustion requirement.

We review a district court's grant of summary judgment de novo. *Salas v. Wisc. Dept. of Corr.*, 493 F.3d 913, 921 (7th Cir. 2007). Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Jenkins v. Bartlett*, 487 F.3d 482, 492 (7th Cir. 2007). Failure to exhaust administrative remedies is an affirmative defense; prison officials bear the burden of proof. *Obriecht v. Raemisch*, 517 F.3d 489, 492 (7th Cir. 2008).

Smith argues on appeal that the district court erred by failing to recognize that the defendants put up "barriers" that kept him from filing a timely grievance. If prison officials prevent an inmate from exhausting administrative remedies by ignoring properly filed grievances or by impeding the use of the grievance system through actions such as withholding necessary forms, destroying inmate submissions, or announcing additional

steps not mandated by regulation or rule, those remedies are not "available" to the prisoner and he has not forfeited his ability to file suit. *See Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008); *Kaba v. Stepp*, 458 F.3d 678, 684-85 (7th Cir. 2006); *Dale v. Lappin*, 376 F.3d 652, 656 (7th Cir. 2004); *Strong v. David*, 297 F.3d 646, 649-50 (7th Cir. 2002).

Smith provided sufficient evidence at summary judgment to create a genuine issue of material fact as to whether remedies were available to him. He stated under oath in his response to the defendants' motion for summary judgment that immediately after the altercation on November 25 he was placed in the prison's Special Management Unit and refused access to pencils, paper, and grievance forms, and told that those materials would be provided to him only with the shift captain's permission, after Smith had been in the unit for seven days. IDOC grievance procedures, however, required the prison to maintain a supply of grievance forms in each unit and called for inmates to be given forms within one working day of a request. When prison officials fail to provide inmates with forms necessary to file a grievance, administrative remedies are not available. *Kaba*, 458 F.3d at 684; *Dale*, 376 F.3d at 656.

On November 29, Smith was transferred to a pre-segregation unit where, according to his declaration, a guard told him that his issue was not grievable because he was going to face criminal charges stemming from the November 25 incident. He also asserts that his requests for grievance forms were ignored or returned with instructions to informally resolve his grievances. IDOC policy did require prisoners to attempt to informally resolve grievances before filing formal grievances, but administrative remedies are unavailable if prison officials simply do not respond to grievances. *Lewis v. Washington*, 300 F.3d 829, 833 (7th Cir. 2002).

Smith was transferred on December 12 to the prison's disciplinary segregation unit, where, he says, he did submit grievance forms beginning in December—he does not provide specific dates, so it is not clear whether he attempted to submit the forms within 20 working days of November 25—but that the forms were returned to him, unfiled, because they did not bear the approval and signature of the officer in charge of the unit. The defendants did not offer additional evidence contradicting either point, nor did they produce any evidence that IDOC grievance procedures in effect at that time imposed a requirement that the supervising officer approve or sign a grievance. If prison officials erroneously impose requirements on the grievance process, administrative remedies are not available. *See Kaba*, 458 F.3d at 684; *Brown v. Croak*, 312 F.3d 109, 111-12 (3d. Cir. 2002) (remedies unavailable when officials told prisoner he had to wait until investigation was complete before filing grievance); *Strong*, 297 F.2d 646, 649-50.

Finally, Smith asserts that he filed two grievances regarding the November 25 incident in early April 2006, but that they were returned to him because he had not shown

that he had attempted to resolve his grievance informally. (The defendants agree that those grievances were not returned for being untimely.) Smith asserts in his declaration that on April 12 he handed the grievance forms and all of his documentation about his attempts to informally resolve his grievance to his unit counselor, but that he received no response until he contacted the secretary to the executive assistant on May 2. According to Smith, she informed him on May 3 that his grievances had been closed because the executive assistant had not received the grievances or information about his attempts to resolve things informally—all of that material had apparently been lost, misplaced, or thrown away. When a prisoner follows proper procedures and prison officials are responsible for mishandling his grievance, we cannot say that the prisoner has failed to exhaust his remedies. *Dole v. Chandler*, 438 F.3d 804, 811 (7th Cir. 2004).

The defendants argue that Smith did not exhaust available remedies because the grievances he did file were untimely, but they do not deny or refute his allegations of actions—the denial of grievance forms, the ignoring of grievances he attempted to file, the imposition of an unwritten requirement that his grievances be signed and approved by the officer in charge of his unit, the mishandling of his grievances—that would have prevented him from exhausting. Because we must, at this stage, accept Smith's version of these events as true, *Lewis v. Downey*, 581 F.3d 467, 472 (7th Cir. 2009), the defendants have not met their burden of establishing that administrative remedies were available to Smith, *see Kaba*, 458 F.3d at 686.

Accordingly, we VACATE the judgment and REMAND for the court to hold an evidentiary hearing, as outlined in *Pavey*, 544 F.3d at 742, to resolve the issue of exhaustion.