NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted July 13, 2010[*]
Decided July 13, 2010

**Before**

ILANA DIAMOND ROVNER, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 09-2472

| | |
|---|---|
| DENNIS P. GLICK, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Southern District of Illinois. |
| | |
| *v.* | No. 06-586-GPM |
| | |
| ROGER E. WALKER, et. al., | G. Patrick Murphy, |
| *Defendants-Appellees.* | *Judge.* |

**O R D E R**

Dennis Glick, an Illinois prisoner formerly housed at Menard Correctional Facility, claims in this civil-rights action that current and former employees of the Department of Corrections denied him medical care, disregarded risks to his health and safety, and retaliated against him for filing grievances. The district court granted summary judgment for the defendants on the ground that Glick had not exhausted his administrative remedies before filing suit. *See* 42 U.S.C. § 1997e(a).

---

[*] After examining the appellant's brief and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the appellant's brief and the record. *See* FED. R. APP. P. 34(a)(2)(C).

This is the second time Glick's lawsuit has reached this court. In the previous appeal we remanded four of Glick's five claims after the district court had dismissed the entire action at screening for failure to state a claim. *Glick v. Walker*, 272 Fed. App'x 514, 521 (7th Cir. 2008). We concluded that Glick's complaint stated claims under the Eighth Amendment based on his allegations that the defendants prevented him from receiving prescribed mental-health treatment, housed him with a heavy smoker despite his known heart condition; and ignored threats from a different cell mate who later attacked him. In addition to these three claims, we also remanded Glick's claim that the defendants had violated the First Amendment by retaliating against him for voicing his grievances. The complaint named as defendants the director of the Department of Corrections, the chairperson of the Administrative Review Board ("ARB"), and several Menard employees, including the warden, a grievance officer, a grievance counselor, an unidentified internal-affairs officer, and the administrator of the prison's healthcare unit.

On remand the defendants moved for summary judgment on the ground that Glick had failed to exhaust his administrative remedies. *See* 42 U.S.C. § 1997e(a). They submitted an affidavit from Melody Ford, the defendant chairperson of the ARB, who faulted Glick for what she characterized as procedural missteps during each of the grievance proceedings underlying the claims we remanded. With respect to Glick's claims that the defendants violated the Eighth Amendment by refusing him mental-health treatment and bunking him with a smoker, Ford asserted that Glick had been required by regulation, s*ee* 20 Ill. Admin. Code § 504.810(b), to identify in his grievances all of the responsible prison employees but failed to name any defendant he sued. Ford added that the grievance concerning the assault by his cell mate, which Glick had given directly to the warden asking for emergency review, *see id*. § 504.840, should have been but was not resubmitted to a grievance officer after ARB upheld the warden's determination that no emergency existed. As for the First Amendment retaliation claim, Ford averred that the ARB had no record of receiving an administrative appeal from Glick after his grievance was denied at the institutional level. The district court conducted a telephonic hearing on the issue of exhaustion, *see Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008), but the proceeding was not recorded, and so the evidence before us is limited to Ford's affidavit and the paperwork from Glick's grievances.

In granting summary judgment on all claims, the district court accepted the defendants' premise that three of Glick's four grievances were deficient because he did not name specific employees. For that reason, the court concluded, Glick had failed to exhaust his First Amendment retaliation claim and his Eighth Amendment claims concerning his mental health and exposure to second-hand smoke. As for the remaining grievance, which Glick had submitted to the warden for emergency review, the district court endorsed the defendants' position that Glick had not followed "necessary procedure" after the warden

decided against expedited review. It followed, said the court, that Glick had not exhausted his Eighth Amendment claim concerning the assault by his cell mate. Glick argues in this court that all four claims should have survived summary judgment.

The Prison Litigation Reform Act requires that inmates with grievances about the conditions of their confinement exhaust all available administrative remedies before turning to the courts. *See* 42 U.S.C. § 1997e(a); *Woodford v. Ngo*, 548 U.S. 81, 84 (2006); *Dale v. Lappin*, 376 F.3d 652, 655 (7th Cir. 2004). Failure to exhaust is an affirmative defense that must be pleaded and proved by the defendant. *Pavey*, 544 F.3d at 740-41; *Kaba v. Stepp*, 458 F.3d 678, 681 (7th Cir. 2006). The contours of the exhaustion requirement are set by the prison grievance system in each state, *see Jones v. Bock*, 549 U.S. 199, 218 (2007), and the procedure in Illinois is a three-step process which begins with an attempt by the inmate to resolve the issue informally through a prison counselor, then proceeds to review at the institutional level, and finally ends with an administrative appeal to the director of the Department of Corrections, who has delegated review authority to the ARB. 20 Ill. Admin. Code. §§ 504.810(a), 504.850(a).

We start with Glick's claims that he was denied mental-health treatment and exposed to second-hand smoke. In his grievance underlying the first of these claims, Glick complained that his security classification was too restrictive and kept him from participating in group therapy prescribed by a prison psychiatrist. He asked for a lower escape-risk level and a transfer to a facility that could accommodate group therapy. In his grievance underlying the claim about being housed with a smoker, Glick explained that he was being treated at Menard for a heart condition and wanted to be moved to a nonsmoking cell to avoid the risks associated with second-hand smoke. Both grievances were denied on the merits at Menard, and both times the decision was upheld by the ARB on administrative review.

The district court's exhaustion analysis for these two claims turns on the court's reading of § 504.810(b), which provides in relevant part:

> The grievance shall contain factual details regarding each aspect of the offender's complaint, including what happened, when, where, and the name of each person who is the subject of or who is otherwise involved in the complaint. This provision does not preclude an offender from filing a grievance when the names of individuals are not known, but the offender must include as much descriptive information about the individual as possible.

20 Ill. Admin. Code § 504.810(b). The court, at the urging of the defendants, read this language with selective emphasis on the first sentence. But the identification requirement in the first sentence is softened by the second sentence, which clarifies that prisoners need

identify names only to the extent practicable.  Glick did just that, articulating what facts the prison could reasonably expect from a prisoner in his position: that he was prescribed group therapy but was unable to participate due to his security classification; that he was treated for a heart condition and then placed in a cell with a chain smoker.  At the source of the decisions in question was a mystifying web of rules and procedures, and behind those an army of administrators; it would be unreasonable to expect that, for every set of facts, an inmate will be able to peel back layers of bureaucracy and match a disputed decision with the prison employee responsible for that decision.  In fact, the defendants have never even asserted that, when he filed his grievances, Glick *knew* who decided to place him in an elevated security classification and to assign him to a smoking cell.

That his grievances were resolved on the merits and not rejected on a procedural ground confirms that, until Glick filed this lawsuit, his compliance with the grievance procedures was never in question.  After the telephonic hearing on the exhaustion question, the district court surmised that Glick had made a "tactical mistake" and omitted names from his grievances intentionally; without a record of the hearing we cannot say whether the court's belief is accurate, but the answer does not matter.  Grievances are intended to give prison administrators an opportunity to address a shortcoming, not to put individual defendants on notice of a lawsuit.  *See Jones*, 549 U.S. at 218.  With that understanding, we must infer that Glick gave administrators a fair opportunity to address his concerns about his mental-health treatment and his exposure to second-hand smoke since, without even a passing reference to § 504.810(b) or the absence of names, reviewers at Menard and then the ARB evaluated and decided both grievances on the merits.  *See  Reed-Bey v. Pramstaller*, 603 F.3d 322, 324-25 (6th Cir. 2010); *Conyers v. Abitz*, 416 F.3d 580, 584 (7th Cir. 2005) (explaining that, if prison administrators accept untimely grievance and resolve it on the merits, then grievance "has served its function of inviting prison administrators to take corrective action, and thus the administrative exhaustion requirement has been satisfied"); *Riccardo v. Rausch*, 375 F.3d 521, 524 (7th Cir. 2004) (same); *Ford v. Johnson*, 362 F.3d 395, 397-98 (7th Cir. 2004) (explaining that, if prison officials decide a grievance on the merits "without treating procedural default as an independent ground of decision, then the federal court infers that the parties must have done whatever the tribunal deemed necessary to permit a reliable decision on the merits").  Accordingly, it was error to conclude that these claims were not exhausted.

We turn next to Glick's claim that the defendants failed to protect him from the assault by his cell mate.  If a grievance concerns an emergency, the inmate may bypass the grievance officer and submit the grievance directly to the warden for resolution.  S*ee* 20 Ill. Admin. Code. § 504.840.  Glick followed this emergency protocol with his grievance about the assault, and in that grievance he explained that he was attacked shortly after he warned a prison social worker that he was in danger from his cell mate.  The warden concluded that

this grievance did not concern an emergency and returned the form. Glick appealed that decision to the ARB, which agreed with the warden that Glick should have followed the standard, non-emergency protocol. The ARB told him to start over by submitting his grievance to the grievance officer at Menard, but before Glick learned about this ruling, he already had been transferred to another facility. An inmate who seeks to complain about an incident at a different prison is *required* to bypass the institutional level and submit the grievance directly to the ARB, *id*. § 504.870(a)(4), so when Glick received the ARB's directive to start over, he had already begun anew but by sending another copy of his grievance to the ARB. The ARB denied that filing as untimely.

Given this undisputed sequence of events, it was error to grant summary judgment for the defendants on this claim. The defendants offered no evidence to support their contention that Glick was required to do something more after his emergency grievance had been rejected by the warden and by the ARB. Ford, the chairperson of the ARB, did not cite a regulation, or a rule, or even a prison policy to support her assertion that Glick never "properly submitted this grievance to the ARB." As far as we can tell, Glick did everything he was asked to do by the ARB, but, as far as § 1997e(a) is concerned, one pass to the ARB was enough. The defendants' position that he was required to go back to the grievance officer and start over after his emergency grievance had been rejected by the warden and the ARB is at odds with 20 Ill. Admin. Code. § 504.840 and *Thornton v. Snyder*, 428 F.3d 690, 694 (7th Cir. 2005). In *Thorton*, which the defendants fail to acknowledge, we explained that an inmate who seeks emergency review under § 504.840 has no obligation to resubmit the grievance through normal channels, even if the warden concluded that expedited review was unnecessary. The defendants cannot use the exhaustion requirement to demand that an inmate do more than what administrative rules require. *See Kaba*, 458 F.3d at 684; *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006).

That leaves only the First Amendment retaliation claim, and on this claim we agree that Glick failed to exhaust his administrative remedies. Ford verified that the ARB had no record of an administrative appeal from the denial of a grievance alleging retaliation, and Glick never offered any evidence that an appeal was filed. Summary judgment was thus appropriate. *See* 20 Ill. Admin. Code. § 504.850(a); *Cannon v. Washington*, 418 F.3d 714, 718 (7th Cir. 2005).

We have reviewed the other arguments presented in Glick's brief and concluded they have no merit. The judgment dismissing Glick's retaliation claim is AFFIRMED. In all other respects, the judgment is VACATED, and the case is REMANDED for further proceedings.