[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-14524
Non-Argument Calendar
_____

D.C. Docket No. 1:12-cv-21641-UU


HECTOR FIGUEROA,

                                               Plaintiff - Appellant,

versus

NURSE BASS,

                                               Defendant - Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(June 24, 2013)

Before CARNES, BARKETT and KRAVITCH, Circuit Judges.

PER CURIAM:

Hector Figueroa, a Florida prisoner proceeding *pro se*, appeals the district court's dismissal without prejudice of his suit filed under 42 U.S.C. § 1983 for failure to exhaust administrative remedies.  After careful review, we affirm.

Under the Prison Litigation Reform Act (PLRA), a prisoner cannot file a § 1983 suit "until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  "This provision entirely eliminates judicial discretion and instead mandates strict exhaustion . . . ."  *Johnson v. Meadows*, 418 F.3d 1152, 1155 (11th Cir. 2005).  "[T]o properly exhaust administrative remedies prisoners must 'complete the administrative review process in accordance with the applicable procedural rules' . . . ."  *Jones v. Bock*, 549 U.S. 199, 218 (2007) (quoting *Woodford v. Ngo*, 548 U.S. 81, 88 (2006)).

Figueroa alleged in his complaint that Nurse Bass provided inadequate medical care on June 20, 2007, after another inmate stabbed Figueroa.  But Figueroa filed his first grievance with the prison concerning Bass's alleged inadequate medical care in November of 2008.  As relevant here, Florida's Inmate Grievance Procedure requires a formal grievance to be filed within fifteen days of the incident.  Fla. Admin. Code Ann. r. 33-103.011(1)(b).  Although there is an exception to this strict timing requirement when a prisoner "clearly demonstrate[s]" that "it was not feasible" to timely file despite his "good faith effort," the Florida Department of Corrections ultimately found that Figueroa made

2

no such showing.  *Id.* r. 33-103.011(2).  And Figueroa gives us no legal or factual basis upon which we could reverse that state-law determination.  *See id.* (stating that the extension is only available when the required showing is made "to the satisfaction of the reviewing authority . . . or the Secretary"); *see also Woodford*, 548 U.S. at 83-84, 95-96, 101-03 (holding that a prisoner cannot satisfy the exhaustion requirement by filing an untimely administrative grievance or appeal).

Figueroa argues that the prison denied him legal assistance, which he claims was necessary because he had a limited understanding of English, but he ultimately filed several grievances and did not allege any facts that would explain why he could not have done so earlier.[1]  Figueroa therefore failed to exhaust his administrative remedies as the PLRA requires.  Accordingly, the district court's dismissal of his case is

**AFFIRMED.**

---

[1] Figueroa alleged in his complaint that he was denied access to grievance forms until almost a year after the incident, which could raise a substantial question concerning the availability of administrative remedies.  Although we have not decided the issue, *see Bryant v. Rich*, 530 F.3d 1368, 1373 n.6 (11th Cir. 2008), other circuits have held that denial of grievance forms could render administrative remedies unavailable for purposes of the exhaustion requirement.  *See, e.g.*, *Dale v. Lappin*, 376 F.3d 652, 656 (7th Cir. 2004) (collecting cases).  Figueroa, however, does not raise this argument on appeal, so he has abandoned it for purposes of this appeal.  *See Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1330 (11th Cir. 2004).

3