## NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with FED. R. APP. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 31, 2022[*]
Decided June 1, 2022

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

No. 21-1686

| | |
|---|---|
| DARRIAN DANIELS, <br> *Plaintiff-Appellant,* | Appeal from the United States District Court for the Southern District of Illinois. |
| *v.* | No. 3:19-cv-00394-RJD |
| JOHN BALDWIN, et al., <br> *Defendants-Appellees.* | Reona J. Daly, <br> *Magistrate Judge.* |

**O R D E R**

Darrian Daniels, an Illinois prisoner, appeals the entry of summary judgment against him for failure to exhaust administratively the claims in this suit under 42 U.S.C. § 1983. A magistrate judge, presiding by consent, held a hearing to resolve

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

issues of fact regarding exhaustion and concluded that Daniels had failed to exhaust his administrative remedies. Because the judge did not clearly err, we affirm.

Daniels bases his suit on events from November 30, 2018, when he says two prison guards attacked him to retaliate for his complaints about prison conditions. He sued these guards and the administrators who he claims were responsible for the conditions of his confinement and failing to protect him from the guards. The guards moved for summary judgment, arguing that Daniels had not exhausted his administrative remedies. 42 U.S.C. § 1997e(a). Daniels responded in a brief that he exhausted by filing two identical grievances in late 2018 (though, he says, he never received a proper response to either). He said that he sent the first one to his counselor.

The magistrate judge held a hearing to determine if Daniels had exhausted. *See Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008). Daniels testified that on November 30, 2018, he submitted his first grievance (detailing the assault and his ill treatment) on the required form. Contradicting his statement in his brief, he said that he left it in an envelope in his cell door and did not know where it would go. He also asserted that, after two weeks without a response, he rewrote his grievance. This time, he did not use the required form, but instead submitted it on loose-leaf paper. (He said that he did not use the required form because guards refused to supply him with one and he could not buy one from other prisoners.) On December 13, Daniels continued, the loose-leaf grievance was returned to him, stamped "received." Believing this to be an improper response, he again copied the grievance and sent it to the Administrative Review Board. The guards disputed most of Daniels's account. They furnished a printout of the prison's grievance tracking system that showed no record of a grievance from him on November 30, 2018. The printout also showed that the loose-leaf grievance was indeed returned with instructions to resubmit it on a proper form. They also attached a copy of an unrelated grievance Daniels had filed on December 11, 2018, on a proper form.

After the hearing, the magistrate judge ruled that Daniels had not exhausted his administrative remedies. The judge explained that she had weighed the competing evidence from the hearing but found inconsistent and not credible Daniels's testimony about filing a grievance on November 30. Specifically, he testified that he submitted a proper grievance on November 30 by leaving it in his cell door, but this conflicted with his response to summary judgment where he said that he sent it to his counselor. The judge also found that his loose-leaf filing did not suffice because he did not follow Illinois's procedure, which required the use of the prison's grievance form, ILL. ADMIN. CODE  tit. 20 § 504.810(a), to which Daniels had access. After the judge entered

summary judgment for the guards, the prison administrators moved for summary judgment, also on exhaustion grounds. Relying on the findings from the *Pavey* hearing, the court granted that motion. Shortly thereafter, it denied Daniels's request for reconsideration and ended the case.

On appeal, Daniels reasserts that he lacked access to the grievance form, and prison officials inadequately responded to his submission, thereby excusing him from exhaustion. "To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). It is also true that a prisoner need exhaust only "available" remedies, 42 U.S.C. § 1997e(a), and a prison's failure to give an inmate access to grievance forms, or respond to them, can render the process unavailable, *see Dale v. Lappin*, 376 F.3d 652, 656 (7th Cir. 2004); *Lewis v. Washington*, 300 F.3d 829, 833 (7th Cir. 2002).

But the judge made well-founded factual findings that negate the arguments that Daniels raises: He never submitted a proper grievance, despite having access to the right form, and the prison told him to use the right form. We may not overturn these findings unless they are clearly erroneous. *See Wilborn v. Ealey*, 881 F.3d 998, 1004 (7th Cir. 2018). Reviewing the transcript of the hearing, we are convinced the judge had solid grounds for the findings. First, the judge reasonably credited prison records, over Daniels's contrary (and inconsistent) assertions, reflecting that Daniels never filed a grievance on November 30, 2018. *See Pavey v. Conley*, 663 F.3d 899, 904 (7th Cir. 2011). Second, the judge reasonably found that Daniels had access to the proper grievance form: Daniels himself testified that he had a copy of the standard grievance form on November 30 (though the judge disbelieved that he submitted it). And the defendants showed that Daniels also had access to a proper grievance form around the time that he submitted his loose-leaf grievance because Daniels submitted an unrelated grievance on the proper form then. Third, it is undisputed that, for the other filing that Daniels said he made (the loose-leaf submission), he did not use a proper form. Further, the defendants introduced evidence that the prison told Daniels to resubmit it on the required form, but he did not. When, as here, the prison has provided an available administrative remedy, it may insist that a prisoner exhaust that remedy before suing. *Lockett v. Bonson*, 937 F.3d 1016, 1025 (7th Cir. 2019).

AFFIRMED