In the

# United States Court of Appeals

## For the Seventh Circuit

No. 15-2607

ASHER B. HILL,

*Plaintiff-Appellant*,

*v.*

JERRY SNYDER, et al.,

*Defendants-Appellees*.

Appeal from the United States District Court for the
Southern District of Indiana, Indianapolis Division
No. 1:13-cv-68-RLY-MJD — **Richard L. Young**, *Chief Judge*.

SUBMITTED MARCH 18, 2016[*] — DECIDED APRIL 5, 2016

Before BAUER, EASTERBROOK, and HAMILTON, *Circuit Judges*.

HAMILTON, *Circuit Judge*. Asher Hill, an Indiana inmate, sued prison staff under 42 U.S.C. § 1983, alleging that they had violated the Eighth Amendment by failing to protect him

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the briefs and the record. See Fed. R. App. P. 34(a)(2)(C).

from inmates who threw feces at him on four occasions. The district court granted summary judgment for defendants on the ground that Hill had not exhausted administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a). We conclude that summary judgment was improper for three of the incidents, so we vacate the judgment in part and remand the case for further proceedings.

Indiana's grievance policy instructs prisoners to exhaust administrative remedies in three steps: (1) seek informal resolution; (2) if dissatisfied, submit a formal grievance; and (3) if dissatisfied with the response to the processed grievance, appeal. See Ind. Dep't of Corr., Admin. P. No. 00–02–301, §§ XIII, XIV. The grievance policy lists 21 criteria, such as writing legibly in English and addressing only one issue per grievance, that must be satisfied before the prison will process a formal grievance. See § XIV.A–B. The prison's executive assistant may return a formal grievance unprocessed if the prisoner does not meet any of these criteria. § XIV.B. When that happens the executive assistant "shall" explain "why the form was returned and how it may be corrected." *Id.* A prisoner has five days to correct the grievance. The policy does not state that a prisoner can appeal an unprocessed grievance.

Hill alleges that prison staff failed to stop prisoners from throwing feces at him through the "cuff ports" in his cell door on four dates in 2011 and 2012. We describe the evidence of Hill's efforts to grieve these four incidents in the light most favorable to Hill, the non-moving party. See *Tradesman Int'l, Inc. v. Black*, 724 F.3d 1004, 1009 (7th Cir. 2013).

The first incident occurred in February 2011. Hill filed a formal grievance, but it was returned to him unprocessed because he had failed to pursue first an informal resolution of

the problem. Hill then wrote a letter to prison staff seeking an informal resolution. After receiving no response, he resubmitted the formal grievance. It was again returned unprocessed. This time, Hill received no advice about correcting the form. The only information he received was a notation that a prison staff member had "viewed the video and is not able to verify this occurred." Hill did nothing further about that incident before filing suit.

The second incident occurred in May 2011. Hill again attempted to resolve the issue informally. After receiving no response, he submitted a formal grievance. This grievance was also returned to Hill unprocessed. The explanation this time was that the issue had already been resolved informally. Hill believed it had not been resolved, but he took no further steps about this incident before filing suit.

The third and fourth incidents took place in June and August 2012. According to Hill's affidavit, for both incidents he never received a grievance form. After informal efforts did not resolve his complaint about the June incident, his prison counselor refused to give Hill the form to file a formal grievance. After the August incident, Hill was also stymied. Before he could file a formal grievance, his unit manager insisted that Hill provide the exact time of the feces-throwing incidents, which he did not know, thereby preventing any further grievance efforts.

Hill then filed suit in state court against prison staff over the attacks. Defendants removed the case to federal court under 28 U.S.C. § 1441. The district court screened the complaint pursuant to 28 U.S.C. § 1915A(b) and dismissed and severed some unrelated claims in an order that Hill does not challenge.

The remaining defendants, Jerry Snyder and Brian Butler, quickly moved for summary judgment. They asserted that Hill had not complied with the prison's grievance policy because he did not submit any formal grievances about any of the incidents. Hill responded that prison staff had prevented him from filing formal grievances. For the first two incidents, they had improperly refused to process grievance forms. For the third and fourth incidents, they prevented him from filing formal grievances. His counselor refused to give him a grievance form after the third incident, and after the fourth incident, defendant Snyder demanded to know its exact time.

The district judge ruled that Hill had not exhausted administrative remedies and granted summary judgment. For the first two incidents, the judge concluded that Hill could have fixed and resubmitted the unprocessed grievances. For the last two incidents, the judge reasoned that Hill could have obtained grievance forms from other prison staff.

In the district court's final judgment, Hill's claims were dismissed without prejudice. A dismissal without prejudice is not ordinarily appealable because it is not final. But because Hill is now time-barred by the prison's grievance policy from further pursuing administrative remedies for these events, he could do nothing to cure the failure to exhaust. The dismissal is thus final for purposes of appellate review. See *Dixon v. Page*, 291 F.3d 485, 488 (7th Cir. 2002).

Hill contends that he exhausted his claims for all four incidents. We agree with him as to three of the four. We begin with the first incident and conclude that defendants are not entitled to summary judgment for failure to exhaust on that incident from February 2011. After prison staff told him to attempt an informal resolution, Hill did so and then submitted

his formal grievance. But the staff returned it unprocessed, with only the notation that a staff member "had viewed the video and is not able to verify this occurred." The grievance policy's 21 requirements for processing grievances do not include the ability of staff to "verify" an alleged incident. See Admin. P. No. 00–02–301 § XIV.A–B. And the notation did not, as the policy requires, tell Hill what "correction" he needed to make to have the grievance processed. See *id.* § XIV.B. Beyond that, the grievance policy did not tell Hill that he could appeal a *refusal* to process.

"Prisoners are required to exhaust grievance procedures they have been told about, but not procedures they have not been told about." *King v. McCarty,* 781 F.3d 889, 896 (7th Cir. 2015); see also *Small v. Camden County*, 728 F.3d 265, 273 (3d Cir. 2013) (exhaustion did not require appealing a "non-decision" where such appeal was not provided in prison's procedures). Because the record permits a finding that Hill did as much as the grievance policy required of him before he hit a roadblock to further consideration, summary judgment on this claim for failure to exhaust was improper.

The defendants respond that Hill should have figured out how to enable its staff to process his grievance. By telling Hill that a staff member "had viewed the video" but was unable to confirm his allegations, defendants say, the prison staff implied that Hill had written the wrong time or date of the incident on his grievance and needed to fix that detail. We are not persuaded. The administrative exhaustion requirement of § 1997e(a) serves important purposes but does not invite prison and jail staff to pose guessing games for prisoners.

In any event, even if Hill could have solved the implicit riddle suggested by defendants, the prison staff improperly

required that, as a condition for processing his grievance, he comply with a rule that the prison had never published before. See *King,* 781 F.3d at 896. Under the prison's grievance policy, a mistake in the date and time of an incident is simply not a ground for refusing to decide a grievance. Because the prison refused to process Hill's grievance based on his deviation from an unannounced rule, no further administrative remedies were available to Hill. See *Sapp v. Kimbrell*, 623 F.3d 813, 823 (9th Cir. 2010) (concluding that further remedies are unavailable when prison officials screen out grievances for improper reasons). Defendants were not entitled to summary judgment on this defense.

The district court's exhaustion ruling regarding the second incident, however, was correct. The prison again returned Hill's formal grievance unprocessed—this time asserting that it had already addressed the grievance informally. One reason that a grievance officer may return a grievance unprocessed is if "[t]he matter addressed in the grievance has been raised and addressed…." See Admin. P. No. 00–02–301 § XIV.B.10. If Hill disagreed with this assertion, as he says he did, the grievance policy gave him five days to resubmit his formal grievance form. In this way, he could have corrected the assertion that he had accepted an informal resolution, but he did not. Because Hill failed to pursue an administrative remedy that was available to him, this claim was not exhausted and summary judgment was proper.

For the third and fourth incidents, Hill asserts that prison staff refused to provide him with a grievance form, so he is excused from exhausting administrative remedies. Hill is correct that exhaustion is not required when the prison officials responsible for providing grievance forms refuse to give a

prisoner the forms necessary to file an administrative grievance. See *Dale v. Lappin*, 376 F.3d 652, 655–56 (7th Cir. 2004).

The defendants, citing *Dale*, contend that a prisoner in this situation must pursue all available alternatives to obtain a grievance form and show they were all unavailable. Defendants suggest that under the grievance policy Hill could have asked several staff members for a grievance form: his housing unit manager, the law librarian, counselor, and executive assistant. See Admin. P. No. 00–02–301 § XIV.A. But the defendants propose an unworkable rule and read too much into *Dale*.

Under defendants' proposed rule, there would be no way for a prisoner to know when he had truly tried all available alternatives at the very first step—just obtaining the right form. The exhaustion requirement would invite prison staff to require prisoners to go on scavenger hunts just to take the first step toward filing a grievance. The PLRA does not impose such a requirement. And although the prisoner in *Dale* had in fact asked several members of the prison staff for a grievance form (all had refused him), nothing in our opinion suggested he was required to pursue all conceivable alternative sources to obtain a form.

In this case, Hill sought the required form not from a randomly chosen staff member but from his counselor and unit manager. Each of those officials was responsible under the grievance policy for giving Hill an available grievance form upon request. Hill's affidavit shows that they refused to do so for the third incident and, construed at this juncture in his favor, permits an inference they refused to do so for the fourth. The record also does not indicate that either had any legitimate reason for refusing his request. The evidence of their refusals to give Hill an available form is sufficient to permit a

finding that Hill was prevented from grieving these incidents. The administrative remedies were not available to him. He was not required to hunt for a form from other staff members. Defendants are not entitled to summary judgment based on this defense.

Accordingly, we VACATE the judgment of the district court in part, with respect to the exhaustion ruling on the claim regarding the first incident of February 2011 and the third and fourth incidents of June and August 2012, and REMAND for further proceedings on those claims. In all other respects, the judgment is AFFIRMED.