NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with FED. R. APP. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted December 22, 2021*
Decided December 22, 2021

**Before**

MICHAEL S. KANNE, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 20-2521

| | |
|---|---|
| ARNELL GILMER, | Appeal from the United States District |
| *Plaintiff-Appellant*, | Court for the Eastern District of Wisconsin. |
| | |
| *v.* | No. 20-C-324 |
| | |
| JAMES ELSINGER and JOHN | William C. Griesbach, |
| LANNOYE, | *Judge.* |
| *Defendants-Appellees*. | |

**O R D E R**

Arnell Gilmer, a Wisconsin inmate, appeals the summary judgment entered against him based on his failure to exhaust administrative remedies in connection with his claims of deliberate indifference. Because Gilmer did not pursue an administrative appeal that was available to him, we affirm.

---

* We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

We present the facts in the light most favorable to Gilmer, the non-moving party. *Rodrigo v. Carle Found. Hosp.*, 879 F.3d 236, 241 (7th Cir. 2018). Gilmer was in his cell when he began experiencing chest pains. He sought help from two correctional officers, who denied his plea for medical attention.

Several days later, he filed two inmate grievances over the officers' conduct. The grievance examiner refused to accept either, citing a state regulation that limits inmates to filing one grievance per week. *See* WIS. ADMIN. CODE DOC § 310.07(7). The examiner told Gilmer to choose which grievance he wanted to file.

The next day Gilmer resubmitted a single grievance, which was accepted for filing. After an investigation, the grievance examiner concluded that the guards responded appropriately, and recommended dismissing the grievance. The warden accepted the recommendation. Crucially, however, Gilmer did not appeal the warden's decision to the statewide grievance examiner.

Gilmer instead filed a new grievance, challenging the grievance examiner's refusal to accept the initial two grievances. For procedural reasons not relevant here, neither the new grievance nor the follow-up appeal was accepted.

Gilmer then sued the two officers and other unnamed staff members for their deliberate indifference to his chest pains, in violation of his Eighth Amendment rights. The district court screened the complaint, *see* 28 U.S.C. § 1915A, and allowed Gilmer to proceed on a deliberate-indifference claim against the two officers. The officers moved for summary judgment, arguing that Gilmer did not exhaust administrative remedies by not pursuing an administrative appeal of the warden's dismissal of his resubmitted grievance. *See* 42 U.S.C. § 1997e(a).

The court entered summary judgment for the officers. The court accepted their argument that Gilmer did not appeal the warden's dismissal. As for Gilmer's argument that the grievance examiner prevented him from exhausting administrative remedies by refusing to accept his initial two grievances, the court disagreed, explaining that his efforts to exhaust could not have been thwarted because he managed to refile a grievance related to the issues here. Finally, to the extent Gilmer asserted that he exhausted administrative remedies by appealing the rejection of his most recent grievance (challenging the refusal to accept the initial grievances), the court determined that the issue there was not germane to his deliberate-indifference claim.

Gilmer now argues that he should be deemed to have met the exhaustion requirement because the grievance examiner's rejection of his two initial grievances—an impermissible decision, in his view—rendered the grievance process unavailable for purpose of the Prison Litigation Reform Act. For support he cites *Hill v. Snyder*, 817 F.3d 1037, 1040 (7th Cir. 2016), in which we concluded that exhaustion did not require a prisoner to comply with a rule that the prison had not previously published.

The district court properly explained that, regardless of the handling of his rejected grievances, Gilmer needed to appeal the warden's dismissal of the grievance that was accepted. The PLRA requires Gilmer to use all "available" remedies, *Ross v. Blake*, 578 U.S. 632, 642 (2016), and these include pursuing an appeal of the warden's ruling to the statewide grievance examiner. *See* WIS. ADMIN. CODE DOC § 310.09(1). The availability of such steps thus distinguishes his case from the prisoner in *Hill*, whose grievance was left unprocessed based on his failure to comply with an "unannounced rule." 817 F.3d at 1040.

Gilmer also maintains that he satisfied the exhaustion requirement by appealing his most recent grievance, which challenged the rejection of his initial grievances. But we agree with the district court that this grievance did not relate to Gilmer's deliberate-indifference claim. Gilmer thus did not adequately present his deliberate-indifference claim to the prison through the grievance process, and federal courts lack discretion to review a claim that has not traveled the requisite administrative path. *See Bowers v. Dart*, 1 F.4th 513, 517–18 (7th Cir. 2021).

We have considered Gilmer's other arguments, but none has merit.

AFFIRMED