NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with FED. R. APP. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 31, 2022[*]
Decided June 1, 2022

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

No. 21-1864

| | |
|---|---|
| PETER GAKUBA, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Southern District of Illinois. |
| | |
| *v.* | No. 19-cv-437-NJR |
| | |
| DAVID RAINS, et al., | Nancy J. Rosenstengel, |
| *Defendants-Appellees.* | *Chief Judge.* |

**O R D E R**

Peter Gakuba, formerly an Illinois prisoner at Robinson Correctional Center, appeals the entry of summary judgment for the prison officials who, he alleged, denied him access to the courts. After taking evidence, the district court concluded that Gakuba had failed to exhaust his administrative remedies because he did not properly file a grievance. We affirm.

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

Gakuba sued prison officials under 42 U.S.C. § 1983 for, among other claims, interfering with his access to the courts by preventing him from making photocopies of legal documents, in violation of the First Amendment. In particular, he objected to the warden allegedly telling him: "No more legal expenses." The defendants moved for summary judgment, arguing that Gakuba failed to exhaust his administrative remedies because he did not follow the prison grievance process. 42 U.S.C. § 1997e(a). The district court accepted documentary evidence and held a hearing (by videoconference) to resolve the issue. *See Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008).

At the hearing, the parties discussed several grievances but agreed that just one could have exhausted the claims in this case: a grievance of April 12, 2017, in which Gakuba complained that the warden ordered him not to make any more copies of legal documents at the prison's expense. Gakuba testified that he filed two copies of this grievance by placing one in his housing unit's grievance box and, at the same time, mailing the other directly to the Administrative Review Board of the Illinois Department of Corrections. Gakuba elaborated that he generally filed grievances in this manner, and that he thought it was particularly important to do so with this grievance because it was against the warden, who was unlikely to sustain a grievance against himself. The Board returned the grievance to Gakuba; the form had a checked box aside the response "no justification provided for additional consideration" with the notation, "not a grievance but a request." Gakuba testified that he received no response to the grievance he had placed in his unit's box, something he found unsurprising given an alleged pattern of prison staff at Robinson ignoring his grievances. The defendants, however, submitted the grievance filed with the Board and authenticated records that showed no copy of that grievance filed by Gakuba at the prison. They asked the court to infer that Gakuba had improperly taken his grievance straight to the Board.

The court entered judgment for the defendants, finding that Gakuba did not file the grievance within his prison first, as Illinois regulations require. ILL. ADMIN. CODE tit. 20 § 504.810. Accepting the defendants' evidence as accurate, the court did not credit Gakuba's contrary testimony that he had placed a copy of the grievance in his unit's grievance box but it went missing.

The court also rejected Gakuba's argument that the grievance process was functionally unavailable to him: He appeared familiar with, and able to follow, the required process, as demonstrated by his testimony and the evidence of many properly filed grievances. Even if the warden would probably deny his grievance, the regulations did not allow him to proceed directly to an appeal. *See id.* § 504.870(a). Gakuba timely

moved to alter or amend the judgment under Federal Rule of Civil Procedure 59(e), and the court denied the motion because he identified no legal or factual errors and did not cite new evidence that he had properly exhausted.

On appeal, we review the district court's findings of fact for clear error and its legal conclusions de novo. *Ramirez v. Young*, 906 F.3d 530, 533 (7th Cir. 2018). The Prison Litigation Reform Act requires a prisoner to exhaust administrative remedies before suing, 42 U.S.C. § 1997e(a), but "it is the prison's requirements…that define the boundaries of proper exhaustion." *Jones v. Bock*, 549 U.S. 199, 218 (2007). Thus, Illinois law governs how Gakuba was required to grieve the warden's alleged ban on further legal expenses. *See Lockett v. Bonson*, 937 F.3d 1016, 1025 (7th Cir. 2019).

Gakuba argues, first, that the district court should have credited his testimony that he filed a grievance at Robinson but it was intercepted. We can upend the district court's credibility assessment only if it is completely without foundation. *See Pavey v. Conley*, 663 F.3d 899, 904 (7th Cir. 2011) (citing *United States v. Norris*, 640 F.3d 295, 297 n.1 (7th Cir. 2011). Here, however, the prison's logs showed that it had records of many grievances from Gakuba, but not of this one. The district court was not required to credit Gakuba's testimony at the *Pavey* hearing over contrary evidence.

Gakuba alternatively contends that administrative remedies were unavailable to him. First, he says that, because the Board's vague response did not instruct him on how to proceed, he should be excused from any further missteps like the plaintiff in *Hill v. Snyder*, 817 F.3d 1037 (7th Cir. 2016). In that case, we concluded that the grievance process was not available to an Indiana prisoner who sued after the prison refused to process his grievance based on what we called "his deviation from an unannounced rule." *Id.* at 1040. In *Hill*, however, the plaintiff attempted to follow proper procedure and "did as much as the grievance policy required of him." *Id*. Here, Gakuba filed an original grievance with the appellate body, in violation of required procedure. The Board's response is not what prevented him from properly exhausting.

Gakuba also insists that administrative remedies were unavailable because prison staff intentionally discarded the form he placed in his unit's grievance box, rendering his remedies unavailable. But because we accept the district court's finding that he filed this grievance only with the Board, this argument cannot succeed.

We have considered Gakuba's other arguments, but none has merit.

AFFIRMED